UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| ELLA MAE BENSON, | ) | CIV. 05-4088 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING PLAINTIFF'S |
| | ) | REQUEST FOR LEAVE OF COURT |
| MICHAEL J. GIORDANO, M.D., | ) | TO CONDUCT SECOND |
| | ) | DEPOSITION OF DEFENDANT |
| Defendant. | ) | [Docket No. 78] |

## INTRODUCTION

This matter comes before the court pursuant to plaintiff Ella Mae Benson's request for leave of the court to conduct a second deposition of defendant. Defendant Dr. Michael J. Giordano objected, requesting that the court deny plaintiff's request. This motion was referred to this magistrate judge by the district court.

## FACTS

Ms. Benson filed her complaint on August 23, 2005, seeking compensatory damages for the alleged negligent care provided to her by Drs. Giordano and G. Barrie Purves during and after a surgical operation that occurred in June of 2003. Plaintiff deposed Dr. Giordano on March 21, 2006. In this deposition, Ms. Benson asked, among other things, a series of questions about previous malpractice lawsuits in which Dr. Giordano was a defendant. Ms. Benson also asked Dr. Giordano to clarify Dr. G. Barrie Purves'

involvement in the surgical operation performed on her and the events following.

Subsequently, on October 12, 2006, Ms. Benson filed a motion to amend her complaint, seeking to dismiss Dr. Purves as a co-defendant and to add a claim for punitive damages against Dr. Giordano. On October 12, 2006, the district court entered a judgment dismissing Dr. Purves as a defendant. On January 3, 2007, the court granted Ms. Benson's motion to amend her complaint to add a claim for punitive damages. Ms. Benson then filed a motion to compel Dr. Giordano to provide appropriate responses to requests 17, 18, 19, and 20 from plaintiff's second request for production. Requests 17, 18, and 19 focused on financial statements and tax returns while request 20 focused on reports and depositions taken in previous malpractice lawsuits filed against Dr. Giordano. On May 9, 2007, the court granted plaintiff's motion to compel answers to these requests for production, holding that this information is relevant to the issue of punitive damages.

On July 16, 2007, Ms. Benson then filed her request to conduct a second deposition of Dr. Giordano, claiming that a second deposition is necessary in light of the new documents the court ordered Dr. Giordano to produce. Ms. Benson argues that a second deposition of the defendant is warranted because she was not able to sufficiently examine defendant on the topics of the

compelled information as those documents were not provided to her by the time of the first deposition.

Dr. Giordano objects to Ms. Benson's request to conduct a second deposition of him. Dr. Giordano argues that Ms. Benson's request is unreasonably cumulative, duplicative, and burdensome for the following reasons: (1) plaintiff either has in her possession or could easily obtain from other sources the pertinent information, thereby making a second deposition unnecessary; (2) the financial information disclosed is self-explanatory and a second deposition is not needed to understand them; (3) plaintiff has already questioned defendant about his prior malpractice lawsuits and much of this information is either irrelevant or inadmissible at trial; and (4) a second deposition would unreasonably burden defendant with travel costs.

Dr. Giordano additionally requests that, if the court grants plaintiff's request for a second deposition of defendant, the deposition should be limited in scope to the newly discovered materials and the plaintiff should pay defendant's travel expenses.

## DISCUSSION

The issue before this court is whether, under Federal Rules of Civil Procedure 30(a)(2)(B) and 26(b)(2), plaintiff should be allowed to depose defendant for a second time in light of the newly produced documents relating to defendant's finances and prior malpractice suits.

In general, trial courts have "broad discretion to decide discovery motions." *Pavlik v. Cargill, Inc.*, 9 F.3d 740, 714 (8th Cir. 1993). More specifically, the "availability of a second deposition is left to the discretion of the trial court." *Perry v. Kelly-Springfield Tire Co., Inc.*, 117 F.R.D. 425, 426 (N.D.Ind. 1987). For depositions upon oral examination, Federal Rule of Civil Procedure 30(a)(2)(B) states that "[a] party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if the person to be examined...already has been deposed in the case." Fed. R. Civ. P. 30(a)(2)(B). The rationale behind this provision is to allow for the completeness of a deposition because new materials referred to during a deposition may require further production of documents and the taking of additional testimony in a subsequent deposition. *See* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice & Procedure* §2104 p. 48 (2d ed. 1994). Accordingly, "a strong showing is required before a party will be denied the right to take a deposition." *Deines v. Vermeer Mfg. Co.*, 133 F.R.D. 46, 47 (D.Kan 1990).

Federal Rule of Civil Procedure 26(b)(2) sets out the court's power to manage and limit discovery in situations where "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action

to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2). The purpose of this rule is to "guard against redundant or disproportionate discovery." *See* Fed. R. Civ. P. 26 advisory committee's notes to 1983 amendments. However, the court "must be careful not to deprive a party of discovery that is reasonably necessary to afford a fair opportunity to develop and prepare the case." *Id.*

The Eighth Circuit examined this issue in *Bell v. Fowler*, ruling that the trial court did not abuse its discretion in denying plaintiff's request for additional depositions to supplement the twelve depositions already taken. *Bell v. Fowler*, 99 F.3d 262 (8th Cir. 1996). The court found that additional depositions would have been cumulative and without proper purpose because there was no evidence that they "would have revealed anything other than what [plaintiff] had already obtained." *Id.* at 271. Further, the court held that plaintiff failed to show good cause as to why additional depositions were necessary. *Id.*

Unlike in *Bell*, Ms. Benson has shown good cause for why a second deposition of Dr. Giordano is necessary to her claim of punitive damages. Approximately seven months after the taking of defendant's deposition, the

5

court allowed plaintiff to amend her original complaint to include a claim for punitive damages. The court then granted plaintiff's motion to compel production of certain financial and legal documents relevant to the development of this new claim. Clearly, plaintiff has shown that the taking defendant's second deposition is relevant and necessary to her case, particularly to the issue of punitive damages. *See Christy v. Pennsylvania Turnpike Com'n*, 160 F.R.D. 51, 52-53 (E.D. Pa. 1995) (where the court allowed defendants to take a second deposition of plaintiff after plaintiff amended his complaint to include several new parties and allegations).

It is also clear that the principal evils Rule 26(b)(2) is designed to avoid, namely redundant or disproportionate discovery, do not apply to this matter. Dr. Giordano's argument that plaintiff's request for a second deposition is unreasonably cumulative or duplicative carries little weight given that Ms. Benson received new documents and records, pursuant to a court order, months after deposing Dr. Giordano. These new financial and legal documents logically would give rise to new questions by plaintiff in light of the punitive damages claim raised in her amended complaint. Although Ms. Benson already deposed Dr. Gioradano about prior malpractice lawsuits to which he was a party, depositions and records from those lawsuits were made available to Ms. Benson, pursuant to a court order, after the taking of Dr. Giordano's deposition. Again, these additional documents may give rise to new questions

6

that Dr. Giordano would be in the best position to answer. *See Deines*, 133 F.R.D. at 48-49 (where the court held that plaintiff may depose director of a corporate party for the second time because director had personal knowledge of facts relevant to the case and played a personal role in the design and manufacture of the alleged defective product).

Dr. Giordano argues that questioning him a second time about his prior malpractice lawsuits is improper and unnecessary because any information regarding the disposition of those suits is irrelevant to this case and inadmissible at trial. However, Federal Rule of Civil Procedure 26(b)(1) clearly states that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The court ordered Dr. Giordano to produce to plaintiff certain financial documents and documents relating to prior malpractice lawsuits because this information was relevant to the issue of punitive damages. Certainly, information gained through a second deposition of defendant appears reasonably calculated to lead to the discovery of admissible evidence for the punitive damages claim.

## CONCLUSION

Accordingly, Ms. Benson's request for leave of the court to conduct a second deposition of defendant [Docket No. 78] is GRANTED. Plaintiff shall limit herself in scope to asking questions about the material produced by

defendant in response to the motion to compel. Furthermore, plaintiff shall bear the costs of traveling to Connecticut to conduct, in person, the deposition of defendant, or the deposition may be taken telephonically.

Dated August 17, 2007.

BY THE COURT:

/s/ *Veronica L. Duffy*
VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE